**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| **ALEX KARAKHANOV**, *on behalf of himself and all others similarly situated*<br><br>Plaintiff,<br><br>vs.<br><br>**GONE, INC.,**<br><br>Defendant. | Case No.<br><br>**COMPLAINT—CLASS ACTION AND TRIAL BY JURY DEMAND** |

## NATURE OF ACTION

1. Plaintiff Alex Karakhanov ("Plaintiff") brings this putative class action against Defendant Gone, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, on behalf of himself and all others similarly situated.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4. Congress enacted the FDCPA in order to eliminate "abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1179-80 (9th Cir. 2006) 1180 (citing 15 U.S.C. § 1692(e)).

5. To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute." *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 948 (9th Cir. 2011).

6. "Because of the remedial nature of the statute," courts are required "to interpret it liberally." *Clark*, 460 F.3d at 1176.

7. A key provision of the FDCPA is § 1692e, which prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

8. "[I]t is well established that '[a] debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir. 2011) (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 455 (3d Cir.2006) (internal quotation omitted)).

9. "The statute provides a non-exhaustive list of conduct that is a violation of § 1692e, including: 'The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.'" *Moritz v. Daniel N. Gordon, P.C.*, 895 F. Supp. 2d 1097, 1106 (W.D. Wash. 2012) (citing 15 U.S.C. § 1692e(11)).

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

10. Another key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt, and/or request the name and address of the original creditor, within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

11. " [Congress] added the validation of debts provision specifically to ensure that debt collectors gave consumers adequate information concerning their legal rights." *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988).

12. "The statute is not satisfied merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor. It must be large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor." *Id.*; (citing *Ost v. Collection Bureau, Inc.*, 493 F. Supp. 701, 703 (D.N.D. 1980) ("communication must not be designed to 'evade the spirit of the notice statute, and mislead the debtor into disregarding the notice'").

13. "If the debt collector wishes to place the validation of debt language on the back of its 'initial communication,' then some clear reference to that language must appear on the face of that document." *Ost v. Collection Bureau, Inc.*, 493 F. Supp. 701, 702-03 (D.N.D. 1980); *see also Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 179 (W.D.N.Y. 1988) ("by placing its validation notice on the reverse side of its debt collection letters . . . and where no reference has been made to the notice on the face of the document, [Defendant] has violated 15 U.S.C. § 1692g").

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

## PARTIES

14. Plaintiff is a natural person who at all relevant times resided in the State of Washington, County of Snohomish, and City of Lynwood.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

16. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

17. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person allegedly obligated to pay a debt owed or due a creditor other than Defendant.

19. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, charges arising from a residential apartment (the "Debt").

20. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

21. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated October 2, 2015.

22. A true and correct copy of Defendant's October 2, 2015 letter is attached to this complaint as Exhibit A.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

23. The October 2, 2015 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

24. Defendant's October 2, 2015 letter did not contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

25. Defendant's October 2, 2015 letter also failed to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *See* 15 U.S.C. § 1692e(11).

26. In the alternative, Defendant contends that the October 2, 2015 letter contained a reverse side to the letter (the "reverse side").

27. A true and accurate copy of what Defendant contends is the reverse side of the October 2, 2015 letter is attached to this complaint as Exhibit B.

28. The reverse side does contain the notices required by 15 U.S.C. § 1692g(a). Exhibit B.

29. If Defendant's October 2, 2015 letter did contain a reverse side, Defendant failed to meaningfully convey the notices required by § 1692g(a) because the front of the letter does not state that Plaintiff should view the reverse side for further information. Exhibit A.

30. The reverse side of the letter fails to disclose "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." Exhibit B; *see* 15 U.S.C. § 1692e(11).

31. The reverse side also states that: "As required by law, you are hereby notified that a negative credit report reflecting on your credit report may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligation." Exhibit B.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

32. This statement is false, deceptive and misleading because Defendant is not a financial institution and therefore is not actually required by law to make that statement. Exhibit B.

33. Because Defendant knows whether they will actually submit a negative credit report, Defendant's statement that it "may" submit one is false, deceptive, and misleading as Plaintiff could interpret Defendant's statement as meaning that Defendant either will or will not submit the negative credit report, one of which is incorrect.

**CLASS ALLEGATIONS**

34. Plaintiff repeats and re-alleges all factual allegations above.

35. Upon information and belief, Defendant's October 2, 2015 letter is based on a form or template (the "Template") that Defendant has used to send collection notices to at least 40 individuals.

36. Plaintiff brings this action on behalf of himself and all others similarly situated. Specifically, Plaintiff seeks to represent the following class of individuals defined as:

> All persons located in the State of Washington to whom Defendant sent, within one year before the date of this complaint and in connection with the collection of a consumer debt, a written correspondence based on the Template.

37. The proposed class specifically excludes the United States of America, the State of Washington, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

38. The class is averred to be so numerous that joinder of members is impracticable.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

39. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

40. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

41. There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of 15 U.S.C. § 1692 *et seq.*; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

42. The claims of Plaintiff are typical of the claims of the class he seeks to represent.

43. The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

44. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

45. Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

46. Plaintiff is willing and prepared to serve this Court and the proposed class.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

47. The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

48. Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

49. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

50. The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

53. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)

54. Plaintiff repeats and re-alleges each and every factual allegation above.

55. Defendant violated 15 U.S.C. § 1692g(a) by failing to provide Plaintiff with the notices required by 15 U.S.C. § 1692g(a), either in the initial communication with Plaintiff, or in writing within 5 days thereafter.

56. In the alternative, if there was a reverse side to the October 2, 2015 letter, the § 1692g(a) notices were not meaningfully conveyed because the letter fails to give Plaintiff notice that there is important information on the reverse side.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692g(a) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

    d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court deems just and proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692e(11)**

57. Plaintiff repeats and re-alleges each and every factual allegation above.

58. Defendant violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial written communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(11) with respect to Plaintiff and the class he seeks to represent;

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court deems just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e**

59. Plaintiff repeats and re-alleges each and every factual allegation above.

60. Defendant violated 15 U.S.C. § 1692e making false, deceptive and misleading representations in connection with the collection of the Debt, including by stating: "As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency . . . " when this statement is not, in fact, required by law.

61. Defendant further violated § 1692e by stating they "may" submit a negative credit report because Defendant knew whether they would, in fact, submit a negative credit report.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

62.     Similarly, because Plaintiff could interpret Defendant's statement as meaning that it either will or will not report to a credit reporting agency, and one of those conclusions is inaccurate, Defendant's statement was false, deceptive, and misleading. *See Gonzales*, 660 F.3d at 1062.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b) Adjudging that Defendant violated 15 U.S.C. § 1692e(11) with respect to Plaintiff and the class he seeks to represent;

c) Awarding Plaintiff, and the class he seeks to represent, actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff such additional damages as the Court may allow in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i);

e) Awarding such amount as the Court may allow for all other class members, without regard to a minimum individual recovery, in the amount of $500,000 or one percent of the net worth of the debt collector, pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

f) Awarding Plaintiff, and the class he seeks to represent, reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court deems just and proper.

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com

**TRIAL BY JURY**

63. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: June 22, 2016

Respectfully submitted,

s/Joseph Panvini
Joseph Panvini WSBA# 47548
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875
866-317-2674 facsimile
jpanvini@consumerlawinfo.com
Attorney for Plaintiff

Thompson Consumer Law Group, PLLC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: (602) 388-8875
Facsimile: (866) 317-2674
jpanvini@consumerlawinfo.com